### GUNN v. STANDARD OIL CO.

(Circuit Court of Appeals, Eighth Circuit. October 22, 1921.)

No. 5640.

1. **Master and servant ⚖═286(11)—Negligence in using defective truck held for jury.**

In an auto truck driver's action against employer for injuries sustained when the truck left the highway, employer's negligence in using a truck with defective steering gear and defective brakes *held* a question for the jury.

2. **Master and servant ⚖═289(15)—Contributory negligence of truck driver held for jury.**

In an auto truck driver's action against employer for injuries sustained when a truck with defective steering apparatus left the highway and rolled down the embankment after he turned off beaten path to pass another automobile, contributory negligence *held* a question for the jury.

In Error to the District Court of the United States for the District of North Dakota; Joseph W. Woodrough, Judge.

---

⚖═For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Action by William F. Gunn against the Standard Oil Company, a corporation. Judgment for defendant, and plaintiff brings error. Reversed.

George A. McGee, of Minot, N. D. (McGee & Goss, of Minot, N. D., on the brief), for plaintiff in error.

E. T. Conmy, of Fargo, N. D. (Young, Conmy & Young, of Fargo, N. D., on the brief), for defendant in error.

Before HOOK and CARLAND, Circuit Judges, and LEWIS, District Judge.

LEWIS, District Judge. Gunn was employed by the Oil Company and drove one of its auto trucks from about April 1, 1918, up to the 17th day of the following month. In the late afternoon of the day last named he was returning from a trip which he had made to the country for the purpose of delivering oil to defendant's customer, and while going down a hill on a winding road the truck left the highway, rolled down the embankment and Gunn was severely injured. He brought this action against the Oil Company to recover damages for those injuries, and charged in his complaint that defendant was guilty of negligence in furnishing him a truck in a defective and unsafe condition, that the steering gear would at times lock or stick so that the truck could not be guided, and also that the brakes at times could not be applied. At the close of the evidence on both sides the court, on motion of defendant, instructed a verdict in its favor, which Gunn has assigned as error.

[1, 2] There was substantial evidence to this effect: The truck was an old one, or at least had been in use for some time, on occasions when attempt was made to turn it in one direction it would go the opposite way, on occasions it could not be held in the road but would pass out to one side, it had no muffler, the supporting frame was broken or cracked on each side so that it sagged, thus shortening the brake rod underneath, the steering rod that goes through the steering arm crosswise between the two front wheels and holds the wheels in alignment had been out of repair, it was out of repair when the man who preceded Gunn was driving the truck, this man put in a rag and tightened it up, Gunn had found it difficult to steer it on three or four occasions prior to the accident, he testified that he complained to defendant's manager that he could not at times properly steer the truck, and on making the complaints the manager had sent the truck to a local repair shop, that the manager told him after it was repaired the last time that he thought it was all right, the steering rod was repaired on the 13th or 14th of May, and on the same day it was returned to the shop because the wheels were not in proper alignment, the steering rod was taken off again and fixed so the wheels were then in alignment, the rod was welded so it would not slip, Gunn told the repair man that the steering gear stuck or locked, the repair man said that it appeared to be all right, and if there was anything wrong in that respect it was in the worm in the housing, Gunn told the general manager what the repair man had said, and the general manager replied that he thought it was all right now, that Gunn should go on with

the truck and that he would wire to Fargo for a new part to remedy that defect if such existed, at the time the truck went over the bank with Gunn he had turned out of the beaten path on to the embankment side of the road to pass an auto which was standing partly in the beaten path but leaving a part of it unoccupied on the side on which Gunn turned out, as Gunn turned the truck to his right it headed obliquely toward the embankment, and when he undertook to steer the truck back to the beaten path the steering apparatus would not work, he immediately attempted to put on the brakes and they could not be applied, so the truck continued in its course and passed over the embankment with him in it.

The answer plead contributory negligence.

We have no doubt that the evidence raised disputed questions of fact as to whether defendant was guilty of the negligence charged in the complaint, and whether plaintiff was guilty of contributory negligence, as set up in the answer, both of which were properly determinable solely by the jury, and that the court committed prejudicial error when it passed upon those issues of fact and directed a verdict.

The late Judge HOOK, who presided at the argument in this case, concurred in the views that have been announced and in the result reached.

Reversed.